# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SARAH RESSEL et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. CIV-23-629-G |
| | ) |
| UNITED STATES OF AMERICA et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Plaintiffs Sarah Ressel and Tanner Ressel, individually and as parents and next friends of the minor child C.R., filed this action on July 19, 2023, asserting claims against four defendants pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346 et seq. *See* Compl. (Doc. No. 1). Plaintiffs allege that on October 16, 2018, the defendants provided medical care to their minor child C.R. in a negligent manner. *See id.* ¶¶ 9-11. As a result, C.R. has suffered "permanent, painful and progressive disabling injuries," and Plaintiffs have suffered a loss of consortium with their child. *Id.* ¶¶ 12-14.

Now before the Court is a Motion to Dismiss (Doc. No. 4) filed by Defendants Laura White, DO, Angela Farmer, ARNP, and the Comanche County Memorial Hospital. Plaintiffs have filed a Response (Doc. No. 5). Defendants argue that this suit should be dismissed because Plaintiffs' claims are untimely brought and because Defendant White and Defendant Farmer are immune from such claims. *See* Defs.' Mot. to Dismiss at 1-6.

Although Defendants' Motion invokes Federal Rule of Civil Procedure 12(b)(6), each of these arguments is properly viewed as a challenge to the Court's subject-matter

jurisdiction under Rule 12(b)(1). *See id.* at 1; *see, e.g.*, *Barnes v. United States*, 776 F.3d 1134, 1151 (10th Cir. 2015); *E.F.W. v. St. Stephen's Indian High Sch.*, 264 F.3d 1297, 1302-03 (10th Cir. 2001). A Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction takes one of two forms: a facial attack or a factual attack. *Pueblo of Jemez v. United States*, 790 F.3d 1143, 1148 n.4 (10th Cir. 2015). Here, Defendants make a facial attack on the sufficiency of the allegations contained in the Complaint. *See* Defs.' Mot. to Dismiss at 4-5. A facial attack questions the sufficiency of the complaint's allegations. *Pueblo of Jemez*, 790 F.3d at 1148 n.4. In reviewing a facial attack, a district court confines its analysis to the pleadings and must accept the allegations in the complaint as true. *Id*.

A.   *Whether Plaintiffs' Claims Are Timely Brought*

Defendants first assert that this action is barred because Plaintiffs' claims were not brought within the limitations period prescribed by the Oklahoma Governmental Tort Claims Act ("OGTCA"). As noted, however, Plaintiffs' claims are brought pursuant to the FTCA, not state statute. *See* Compl. ¶¶ 1-2. Defendants do not cite any authority for the proposition that the timeliness of Plaintiffs' federal claims is governed by the OGTCA. Further, "the FTCA has . . . a statute of limitations." *Barnes*, 776 F.3d at 1139 (citing 28 U.S.C. § 2401).

Accordingly, dismissal is not warranted on this basis.

B.   *Whether Defendants White and Farmer Are Immune From Suit*

Defendants also argue that Defendants White and Farmer are immune from lawsuits brought pursuant to the OGTCA. *See* Defs.' Mot. to Dismiss at 5-6 (citing Okla. Stat. tit.

51, § 163(C)).  Defendants offer no basis for the Court to find these individuals are immune as to claims raised under the FTCA.  *See generally* 28 U.S.C. § 1346(b)(1).

Defendants therefore fail to show that dismissal is proper at this pleading stage.

## CONCLUSION

Defendants' Motion to Dismiss (Doc. No. 4) is therefore DENIED.

IT IS SO ORDERED this 9th day of September, 2024.

_____
CHARLES B. GOODWIN
United States District Judge