UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SARAH RESSEL et al., | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | )   Case No. CIV-23-629-G |
| | ) |
| UNITED STATES OF AMERICA et al., | ) |
| | ) |
|     Defendants. | ) |

### ORDER

Plaintiffs Sarah Ressel and Tanner Ressel, individually and as parents and next friends of the minor child C.R., filed this action on July 19, 2023, asserting claims against four defendants pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346 et seq. *See* Compl. (Doc. No. 1). Plaintiffs allege that on October 16, 2018, the defendants— specifically Laura White, DO, and Angela Farmer, ARNP—provided medical care to their minor child C.R. in a negligent manner. *See id.* ¶¶ 9-11. As a result, C.R. has suffered "permanent, painful and progressive disabling injuries," and Plaintiffs have suffered a loss of consortium with their child. *Id.* ¶¶ 12-14.

Now before the Court is a Motion to Dismiss (Doc. No. 9) filed by Defendant United States of America ("the Government"). Plaintiffs have filed a Response (Doc. No. 11), and the Government has replied (Doc. No. 12).

    I.    *Standard of Review*

A Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction takes one of two forms: a facial attack or a factual attack. *Pueblo of Jemez v. United States*, 790 F.3d

1143, 1148 n.4 (10th Cir. 2015). Here, the Government makes a facial attack on the sufficiency of the allegations contained in the Complaint. A facial attack questions the sufficiency of the complaint's allegations. *Id.* In reviewing such an attack, a district court confines its analysis to the pleadings and must accept the allegations in the complaint as true. *Id.*

II.   *The FTCA and Sovereign Immunity*

"Sovereign immunity generally shields the United States, its agencies, and officers acting in their official capacity from suit." *Wyoming v. United States*, 279 F.3d 1214, 1225 (10th Cir. 2002). "The concept of sovereign immunity means that the United States cannot be sued without its consent. Such consent may be found only when Congress unequivocally expresses its intention to waive the government's sovereign immunity in the statutory text." *Governor of Kan. v. Kempthorne*, 516 F.3d 833, 841 (10th Cir. 2008) (citation and internal quotation marks omitted);[1] *see also FDIC v. Meyer*, 510 U.S. 471, 475 (1994) ("Sovereign immunity is jurisdictional in nature.").

The FTCA provides "a limited waiver" of this sovereign immunity, "making the Federal Government liable to the same extent as a private party for certain torts of federal employees acting within the scope of their employment." *United States v. Orleans*, 425 U.S. 807, 813 (1976). Specifically, the statute renders the United States potentially liable on

> claims against the United States, for money damages, . . . for injury or loss of property, . . . caused by the negligent or wrongful act or omission of any

---

[1] *Abrogated on other grounds as recognized in State ex rel. Kobach v. U.S. Dep't of Interior*, 72 F.4th 1107, 1117 (10th Cir. 2023).

employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1).  Courts should not "extend the waiver beyond that which Congress intended" or "assume the authority to narrow the waiver that Congress intended." *Smith v. United States*, 507 U.S. 197, 203 (1993) (internal quotation marks omitted); *see also In re Franklin Sav. Corp.*, 385 F.3d 1279, 1287 (10th Cir. 2004).

### III.     The Government's Motion to Dismiss

As the party asserting federal jurisdiction, Plaintiffs bear "the burden of alleging the facts essential to show jurisdiction." *U.S. ex rel. Stone v. Rockwell Int'l Corp.*, 282 F.3d 787, 797-98 (10th Cir. 2002) (internal quotation marks omitted).  "[A] plaintiff must plausibly allege all jurisdictional elements" of his or her FTCA claim—i.e., "a plaintiff must plausibly allege all six FTCA elements [of § 1346(b)(1)] . . . for a court to have subject-matter jurisdiction over the claim." *Brownback v. King*, 592 U.S. 209, 217-18 (2021); *see also Celli v. Shoell*, 40 F.3d 324, 327 (10th Cir. 1994).

In its Motion to Dismiss, the Government asserts in relevant part that because Plaintiffs fail to adequately plead facts from which it may be inferred that the other defendants were employees of the federal government and were acting within the scope of their employment, the United States' limited waiver of sovereign immunity in the FTCA does not extend to Plaintiffs' claims.  *See* Gov't's Mot. to Dismiss at 6-8.[2]  "[W]hen a

---

[2] The FTCA defines "employee of the government" to include an "officer[] or employee[] of any federal agency" and a "person[] acting on behalf of a federal agency in an official

3

defendant asserts that the FTCA complaint fails to allege sufficient facts to support subject matter jurisdiction, the trial court must apply a standard patterned on Rule 12(b)(6) and assume the truthfulness of the facts alleged." *Garling v. U.S. Env't Prot. Agency*, 849 F.3d 1289, 1293 n.3 (10th Cir. 2017) (alteration and internal quotation marks omitted).[3]

Having reviewed Plaintiffs' Complaint, the Court agrees that the allegations do not plausibly show that any defendant was an "employee of the Government" "acting within the scope of [her] office or employment," as required for liability to potentially lie against the Government under the FTCA. 28 U.S.C. § 1346(b)(1). Plaintiffs allege only that Defendants White and Farmer were "licensed to practice medicine in the State of Oklahoma" and provided treatment on October 16, 2018, presumably at the location of Defendant Comanche County Memorial Hospital. Compl. ¶¶ 3-5, 9-12. Such facts do not establish that any relevant act was committed by an employee of the federal government acting within the scope of employment. Plaintiffs' claims against the Government therefore "must be dismissed for want of federal subject matter jurisdiction." *Estate of Trentadue ex rel. Aguilar v. United States*, 397 F.3d 840, 853 (10th Cir. 2005).

---

capacity, temporarily or permanently in the service of the United States, whether with or without compensation." 28 U.S.C. § 2671.

[3] To survive a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Plaintiffs do not address or dispute the Government's argument in their Response, instead requesting leave to amend their pleading "to cure any deficiencies." Pls.' Resp. at 9. But Plaintiffs' broad request fails to explain how they would adequately plead the facts essential to show jurisdiction or to show that justice requires amendment at this stage. *See* Fed. R. Civ. P. 15(a)(2); *cf.* LCvR 15.1 (requiring proposed pleading to be submitted with motion to amend).

## CONCLUSION

For the foregoing reasons, Defendant United States of America's Motion to Dismiss (Doc. No. 9) is GRANTED. All claims against Defendant United States of America are hereby DISMISSED without prejudice pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED this 6th day of September, 2024.

_____
CHARLES B. GOODWIN
United States District Judge