UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SARAH RESSEL et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. CIV-23-629-G |
| ) | |
| UNITED STATES OF AMERICA ) | |
| *ex rel.* Department of Human Services ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

Plaintiffs Sarah Ressel and Tanner Ressel, individually and as parents and next friends of the minor child C.R., herein bring claims against Defendants United States of America *ex rel.* Department of Health & Human Services ("United States"), Comanche County Hospital Authority d/b/a Comanche County Memorial Hospital ("CCMH"), Laura White, DO, and Angela Farmer, ARNP. *See* Am. Compl. (Doc. No. 15). Now before the Court is a Motion to Dismiss (Doc. No. 26) filed by Defendants CCMH, White, and Farmer. Plaintiffs have filed a Response (Doc. No. 28).

I. *Plaintiffs' Allegations*

Plaintiffs allege that on or about April 7, 2021, Plaintiff Sarah Ressel took C.R. to Defendant White for medical treatment at CCMH. *See* Am. Compl. ¶ 13. C.R. was having trouble ambulating and was walking with a limp. *Id.* ¶ 14. It was later determined that C.R. had bilateral hip dysplasia, which "Defendants failed to timely diagnose and treat." *Id.* ¶ 15. As a result of the "failure of treatment," C.R. required additional care and treatment, including surgery. *Id.* ¶ 16.

II.     *The Moving Defendants' Motion to Dismiss*

Citing professional negligence, Plaintiffs' pleading seeks relief pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346 et al.  *See* Am. Compl. ¶¶ 2, 4, 17-28.[1]

The Moving Defendants seek dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.  In analyzing a motion to dismiss under Rule 12(b)(6), the court "accept[s] as true all well-pleaded factual allegations in the complaint and view[s] them in the light most favorable to the plaintiff."  *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013).  "[T]o withstand a Rule 12(b)(6) motion to dismiss, a complaint must contain enough allegations of fact, taken as true, 'to state a claim to relief that is plausible on its face.'"  *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Bare legal conclusions in a complaint are not entitled to the assumption of truth; "they must be supported by factual allegations" to state a claim for relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The FTCA provides "a limited waiver" of the United States' sovereign immunity, "making the Federal Government liable to the same extent as a private party for certain torts of federal employees acting within the scope of their employment."  *United States v. Orleans*, 425 U.S. 807, 813 (1976).  The Moving Defendants argue that because "[t]he

---

[1] Plaintiffs' claims for loss of consortium and for negligent hiring, training, and supervision have been dismissed by separate order.

United States is the only proper defendant in an FTCA action," CCMH and the two individuals must be dismissed from this case. *Smith v. United States*, 561 F.3d 1090, 1099 (10th Cir. 2009) (internal quotation marks omitted); *see* Defs.' Mot. to Dismiss at 2-4; *see also* 28 U.S.C. § 1346(b)(1) (prescribing that the district courts shall have jurisdiction over certain "claims against the United States" for money damages).

Plaintiffs do not dispute that the Moving Defendants cannot be held liable under the FTCA but contend they have adequately stated state-law claims against those defendants, over which the Court should exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367. *See* Pls.' Resp. at 3-4; 28 U.S.C. § 1367(a). *See generally City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 164-65 (1997) (noting that § 1367 codifies principles "by which the federal courts' original jurisdiction over federal questions carries with it jurisdiction over state law claims that derive from a common nucleus of operative fact" (internal quotation marks omitted)).[2]

The Amended Complaint does not identify the claims against the Moving Defendants as arising solely under state law or as being supplemental in nature. *See, e.g.*, Am. Compl. ¶ 2 (alleging that jurisdiction lies "over Plaintiffs' claims brought against Defendants pursuant to the [FTCA]"). The Moving Defendants did not file a reply, however, so there is no counterargument before the Court regarding Plaintiffs' allegation that supplemental jurisdiction lies over the relevant claims. Further, governing authority

---

[2] Plaintiffs also request that, if the Court dismisses the federal claims, "this matter . . . be remanded back to state court." Pls.' Resp. at 4. Plaintiffs initiated this action in federal court, however. *See* Compl. (Doc. No. 1).

3

supports the general proposition that a plaintiff may assert state-law claims pursuant to 28 U.S.C. § 1367 in a case where federal jurisdiction is premised upon claims against the United States arising under the FTCA. *See, e.g.*, *Est. of Harshman v. Jackson Hole Mountain Resort Corp.*, 379 F.3d 1161, 1163-65 (10th Cir. 2004).[3]

The Moving Defendants therefore have not shown that Plaintiffs have failed to state plausible claims for relief, such that dismissal is warranted under Rule 12(b)(6).

## CONCLUSION

For the foregoing reasons, the Motion to Dismiss (Doc. No. 26) is DENIED.

IT IS SO ORDERED this 29th day of September, 2025.

_____
CHARLES B. GOODWIN
United States District Judge

---

[3] Plaintiffs' claims against Defendants White or Farmer for injury arising from their negligence as employees may be precluded by 28 U.S.C. § 2679(b), which prescribes that the FTCA remedy against the United States is exclusive of any other civil action against such a federal employee. *See* 28 U.S.C. § 2679(b)(1). The Moving Defendants did not address the applicability of § 2679 in the context of supplemental jurisdiction, however; nor is it apparent that claims against CCMH would be affected by that statutory provision.