UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SARAH RESSEL et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. CIV-23-629-G |
| ) | |
| UNITED STATES OF AMERICA ) | |
| *ex rel.* Department of Human Services ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Plaintiffs Sarah Ressel and Tanner Ressel, individually and as parents and next friends of the minor child C.R., herein bring claims against Defendants United States of America *ex rel.* Department of Health & Human Services ("United States"), Comanche County Hospital Authority d/b/a Comanche County Memorial Hospital ("CCMH"), Laura White, DO, and Angela Farmer, ARNP. *See* Am. Compl. (Doc. No. 15). Now before the Court is the United States' Motion to Dismiss (Doc. No. 27) pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, to which Plaintiffs have responded (Doc. No. 29) and the United States has filed a Reply (Doc. No. 32).

I.   *Plaintiffs' Allegations*

Plaintiffs allege that on or about April 7, 2021, Plaintiff Sarah Ressel took C.R. to Defendant White for medical treatment at CCMH in Lawton, Oklahoma. *See* Am. Compl. ¶¶ 13. C.R. was having trouble ambulating and was walking with a limp. *Id.* ¶ 14. It was later determined that C.R. had bilateral hip dysplasia, which "Defendants failed to timely diagnose and treat." *Id.* ¶ 15. As a result of the "failure of treatment," C.R. required

additional care and treatment, including surgery. *Id.* ¶ 16.

II.     *Standard of Review*

A motion to dismiss for lack of subject-matter jurisdiction takes one of two forms: a facial attack or a factual attack. *Pueblo of Jemez v. United States*, 790 F.3d 1143, 1148 n.4 (10th Cir. 2015). Here, the United States raises a factual attack, "go[ing] beyond allegations contained in the complaint and challeng[ing] the facts upon which subject matter jurisdiction depends." *Id.* (internal quotation marks omitted); *see* Def.'s Mot. at 3-6. Thus, the Court does not presume the truthfulness of the Complaint's factual allegations and may consider the outside materials cited by the parties "to resolve disputed jurisdictional facts." *Pueblo of Jemez*, 790 F.3d at 1148 n.4 (internal quotation marks omitted); *see* Def.'s Ex. 1, Pls.' Notice of Fed. Tort Cl. (Doc. No. 27-1). As the party asserting federal jurisdiction, Plaintiffs bear "the burden of alleging the facts essential to show jurisdiction." *U.S. ex rel. Stone v. Rockwell Int'l Corp.*, 282 F.3d 787, 797 (10th Cir. 2002) (internal quotation marks omitted).

III.    *The Federal Tort Claims Act and Sovereign Immunity*

"Sovereign immunity generally shields the United States, its agencies, and officers acting in their official capacity from suit." *Wyoming v. United States*, 279 F.3d 1214, 1225 (10th Cir. 2002). "The concept of sovereign immunity means that the United States cannot be sued without its consent. Such consent may be found only when Congress unequivocally expresses its intention to waive the government's sovereign immunity in the statutory text." *Governor of Kan. v. Kempthorne*, 516 F.3d 833, 841 (10th Cir. 2008)

(citation and internal quotation marks omitted);[1] *see also FDIC v. Meyer*, 510 U.S. 471, 475 (1994) ("Sovereign immunity is jurisdictional in nature.").

The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346 et al., provides "a limited waiver" of this sovereign immunity, "making the Federal Government liable to the same extent as a private party for certain torts of federal employees acting within the scope of their employment." *United States v. Orleans*, 425 U.S. 807, 813 (1976). Specifically, the statute renders the United States potentially liable on

> claims against the United States, for money damages, . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1). Courts should not "extend the waiver beyond that which Congress intended" or "assume the authority to narrow the waiver that Congress intended." *Smith v. United States*, 507 U.S. 197, 203 (1993) (internal quotation marks omitted).

IV. Discussion

Citing professional negligence, loss of consortium, and negligent hiring, training, and supervision, Plaintiffs' pleading seeks relief against the United States pursuant to the FTCA. *See* Am. Compl. ¶¶ 2, 4, 17-34.

A. Whether Plaintiffs Complied with the FTCA's Notice Requirement

The Tenth Circuit has explained that federal courts "derive[] [their] jurisdiction to

---

[1] *Abrogated on other grounds as recognized in State ex rel. Kobach v. U.S. Dep't of Interior*, 72 F.4th 1107, 1117 (10th Cir. 2023).

3

entertain claims for damages against the United States from 28 U.S.C. § 2675(a)." *Bradley v. U.S. ex rel. Veterans Admin.*, 951 F.2d 268, 270 (10th Cir. 1991).

> Section 2675(a) requires that claims for damages against the government be presented to the appropriate federal agency by filing (1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim. Because the FTCA constitutes a waiver of the government's sovereign immunity, the notice requirements established by the FTCA must be strictly construed. The requirements are jurisdictional and cannot be waived.

*Id.* (citations and internal quotation marks omitted).

The undisputed record reflects that Plaintiffs' § 2675(a) notice (the "Notice"), dated February 15, 2022, stated in relevant part:

> On April 7, 2021, [C.R.] presented to Angela Farmer, APRN-CNP at Community Health Centers secondary to difficulty ambulating, including walking with a limp. It was subsequently discovered that the health care providers at Community Health Centers, including Angela Farmer, APRN-CNP and Laura White, D.O. had failed to timely diagnose and treat [C.R.'s] bilateral hip dy[s]plasia.
>
> As a direct result, [C.R.] has required additional care and treatment, including surgery in order to fix the negligence committed by Angela Farmer, APRN-CNP, Laura White, D.O. and the staff of Community Health Centers in failing to timely diagnose and treat her condition. Their care and treatment fell below the applicable standards of care. As a result of Angela Farmer, APRN-CNP, Laura White, D.O. and the staff of Community Health Centers' negligence, [C.R.] suffered extreme pain, had to undergo an additional surgery and was subject to extensive body casting.

Pls.' Notice of Fed. Tort Cl. at 2.

The United States seeks dismissal of Plaintiffs' claims of loss of consortium and of negligent hiring, training, and supervision, asserting that Plaintiffs' Notice did not sufficiently exhaust these claims. *See* Def.'s Mot. to Dismiss at 3-4, 9-13.

4

*1. Plaintiffs' Claim for Loss of Consortium*

The United States argues that Plaintiffs' claim for "loss of consortium" is a separate and distinct cause of action and therefore was required to be independently presented in the FTCA Notice. *See* Def.'s Mot. to Dismiss at 11-12 (citing *Silva v. U.S. Dep't of the Air Force*, No. Civ. 19-937, 2021 WL 6808435 (D.N.M. May 10, 2021)); *see* Am. Compl. ¶¶ 25-26. Plaintiffs respond that, because their Notice stated that they were bringing their action both individually and as C.R.'s parents and next of kin, the United States was sufficiently apprised of this claim. *See* Pls.' Resp. at 15-16.

Though not addressed by the parties, it is not apparent that Plaintiffs would be able to pursue a claim of loss of child consortium pursuant to "the law of the place where the act or omission occurred"—i.e., pursuant to Oklahoma law. 28 U.S.C. § 1346(b)(1). The Oklahoma Supreme Court has held that a parent may allege loss of consortium in a "wrongful death" action to seek damages for "loss of love, affection and companionship, occasioned by the death of an unemancipated minor." *Clark v. Jones*, 658 P.2d 1147, 1147 (Okla. 1983) (citing Okla. Stat. tit. 12, §§ 1053, 1055; *accord Carroll v. United States*, 227 F. Supp. 3d 1242, 1247 (W.D. Okla. 2017) ("The damages recoverable in wrongful death actions include . . . grief and loss of companionship of the . . . parents of the decedent."). The highest state court also has recognized a child's "cause of action for the permanent loss of parental consortium when a parent is negligently injured by a third party." *Williams v. Hook*, 804 P.2d 1131, 1132 (Okla. 1990) (footnote omitted). But "[i]t is not at all clear . . . that Oklahoma would recognize a new cause of action for parents based on the permanent loss of consortium with their child," where there is an allegation

of injury but not wrongful death. *McCoy v. Indep. Sch. Dist. No. 1 of Tulsa Cnty.*, No. 24-cv-00263, 2025 WL 300693, at *10 (N.D. Okla. Jan. 24, 2025).

In any event, although the Court "liberally construe[s] the universe of facts that the FTCA claimant provides," it agrees with the United States that Plaintiffs' loss of consortium claim was not "fairly implicit in" the facts set forth in the Notice. *Benally v. United States*, 735 F. App'x 480, 485 (10th Cir. 2018) (emphasis and internal quotation marks omitted). Plaintiffs' Notice identified "the injury" from C.R.'s April 7, 2021 encounter as (1) additional care and treatment to C.R. and (2) extreme pain suffered by C.R. *See* Pls.' Notice of Fed. at 2. This submission did not sufficiently state facts that would place the United States on notice of Plaintiffs' grief and loss of companionship resulting from the medical treatment received by C.R. This claim shall be dismissed.

2. *Plaintiffs' Claim for Negligent Hiring, Training, and Supervision*

Plaintiffs allege that the United States was negligent in its "hiring, credentialing, training and supervision" of Defendants White and Farmer. *See* Am. Compl. ¶¶ 29-31. The United States seeks dismissal, arguing that Plaintiffs' Notice failed to sufficiently present this claim at the administrative level. *See* Def.'s Mot. to Dismiss at 9-13.

Having considered the Notice's references to Defendants' "care and treatment" in light of the relevant authorities, the Court finds that Plaintiffs' submission "failed to exhaust any claim related to the alleged negligent hiring, training, or supervision of the medical personnel that treated" C.R. on April 7, 2021. *Wilson v. United States*, No. CIV-17-528-R, 2018 WL 794711, at *2 (W.D. Okla. Feb. 8, 2018) (finding FTCA claim was

not exhausted and dismissing for lack of jurisdiction). In similar circumstances, the Tenth Circuit found:

> [T]he facts alleged in Lopez's administrative claim were not sufficient to encompass and give the government notice of his negligent credentialing and privileging claim. To be sure, a negligent credentialing and privileging claim under Colorado law requires proof that the plaintiff was injured by the negligent acts of the improperly credentialed and privileged physician. But such a claim also requires proof that the hospital/employer breached a legal duty by credentialing and privileging the physician. Nothing in Lopez's administrative claim provided the government with notice that it needed to investigate whether the VA Hospital was negligent in credentialing and privileging Kindt, and it was in turn deprived of any opportunity to settle this potential claim without litigation. Consequently, we conclude that Lopez's administrative claim did not reasonably encompass his negligent credentialing and privileging claim.

*Lopez v. United States*, 823 F.3d 970, 976-77 (10th Cir. 2016) (citations omitted); *see also N.H. v. Presbyterian Church (U.S.A.)*, 998 P.2d 592, 600 (Okla. 1999) (explaining that an employer will be held liable under such a theory only if "the employer had reason to believe that the [employee] would create an undue risk of harm to others").

Because Plaintiffs' "administrative claim included no mention of any possibility that [their] injuries were caused by negligent training," "supervision," or hiring, " they "cannot rely on these theories in support of the instant action." *Wilson*, 2018 WL 794711, at *2; *see also Benally*, 735 F. App'x at 485 (noting that courts should not "augment" the facts in the FTCA notice "to conform to the claimant's subsequent civil complaint").[2]

---

[2] The United States also seeks dismissal of the Amended Complaint's "Count III," which is identified as "Res Ipsa Loquitur." Am. Compl. ¶¶ 32-34; *see* Def.'s Mot. to Dismiss at 14-15. In response, Plaintiffs concede that res ipsa loquitur "is not a claim." Pls.' Resp. at 12-15. The Court need not decide at this pleading stage whether this doctrine ultimately will apply to permit an inference of negligence to be drawn from the factual circumstances. *See generally Qualls v. U.S. Elevator Corp.*, 863 P.2d 457, 460 (Okla. 1993).

### B. *Whether Plaintiffs State a Claim for Negligence*

The United States also moves to dismiss Plaintiffs' claim of negligence based upon Defendants' failure to timely diagnose and treat C.R. for failure to plausibly allege that "the United States, if a private person, would be liable to [Plaintiffs] in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1); *see* Def.'s Mot. to Dismiss at 13-14 (referencing Federal Rule of Civil Procedure 8(a)(2)).

"[A] plaintiff must plausibly allege all jurisdictional elements" of his or her FTCA claim "for a court to have subject-matter jurisdiction over the claim." *Brownback v. King*, 592 U.S. 209, 217-18 (2021) ("[I]n the unique context of the FTCA, all elements of a meritorious claim are also jurisdictional."). "[W]hen a defendant asserts that the FTCA complaint fails to allege sufficient facts to support subject matter jurisdiction, the trial court must apply a standard patterned on Rule 12(b)(6) and assume the truthfulness of the facts alleged." *Garling v. U.S. Env't Prot. Agency*, 849 F.3d 1289, 1293 n.3 (10th Cir. 2017) (alteration and internal quotation marks omitted).[3]

The Court finds that the Amended Complaint plausibly alleges that the United States is liable for negligence as to the diagnosis and treatment of C.R. A claim of medical negligence has the following elements: "(1) a duty owed by the defendant to protect the

---

[3] To survive a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

plaintiff from injury; (2) a failure to perform that duty; and (3) injuries to the plaintiff which are proximately caused by the defendant's failure to exercise the duty of care." *Smith v. Hines*, 261 P.3d 1129, 1133 (Okla. 2011); *see also Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012) ("[T]he elements of each alleged cause of action help to determine whether [the plaintiff] has set forth a plausible claim."). Plaintiffs allege, among other facts, that: Defendants were required to exercise, but did not exercise, "that degree of care, skill and diligence generally exercised by members of the profession under the same or similar circumstances"; Defendants failed to timely diagnose and treat C.R.'s bilateral hip dysplasia; and, as a result, C.R. and Plaintiffs have suffered injury and damages. Am. Compl. ¶¶ 13-27.

Accepted as true, these allegations provide "fair notice" of the grounds for the claim and plausibly state a claim for medical negligence based on the events of April 7, 2021. *Khalik*, 671 F.3d at 1192 (internal quotation marks omitted); *see* Fed. R. Civ. P. 8(a)(2), 12(b)(6). Dismissal under Rule 12(b)(1) therefore is not warranted.

## CONCLUSION

For the foregoing reasons, the United States' Motion to Dismiss (Doc. No. 27) is GRANTED IN PART and DENIED IN PART. Plaintiffs' claims for loss of consortium and for negligent hiring, training, and supervision are DISMISSED without prejudice pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Plaintiffs' negligence claim against the United States shall be permitted to proceed.

IT IS SO ORDERED this 29th day of September, 2025.

                                                  */s/ Charles B. Goodwin*
                                                  CHARLES B. GOODWIN
                                                  United States District Judge